Furrer v. Nebraska Building & Investment Co.

---

HENRY FURRER ET AL., PLAINTIFFS, V. NEBRASKA BUILDING & INVESTMENT COMPANY ET AL., DEFENDANTS.
ANDREW M. WALRADT, INTERVENER, APPELLANT, V. W. E. BARKLEY, RECEIVER, APPELLEE: F. B. BAYLOR, TRUSTEE, INTERVENER.

FILED NOVEMBER 16, 1923.   No. 22808

Corporations:   SALE OF STOCK: FRAUD. In an action on a written option permitting plaintiff to surrender shares of corporate stock issued to him by defendant and obligating the latter to return the purchase price upon a demand therefor, the defense that the option was a secret agreement operating as a fraud on subsequent stockholders is not established by mere testimony that none of them, so far as the president of the corporation knew, had any knowledge of the option or of the details of the transactions with plaintiff in purchasing his stock.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. Reversed.

Clarence G. Miles, for appellant.

Johnson, Moorhead & Rine, Good & Good, F. C. Foster Boehmer & Boehmer, C. C. Flansburg, C. J. Campbell and F. B. Baylor, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN and GOOD, JJ., REDICK, District Judge.

PER CURIAM.

This is a proceeding instituted in the district court for Lancaster county, Nebraska, by Andrew M. Walradt, intervener, against the Nebraska Building & Investment Company, a corporation, and W. E. Barkley, its receiver, to recover back $9,520 paid for 85 shares of preferred stock issued by that corporation. Intervener's claim consists of two items, one for $3,024 paid for 27 shares February 28, 1920, and the other for $6,496 paid for 58 shares March 6, 1920.

The case of intervener is based on two written options permitting him to withdraw March 1, 1921, the money paid by him for the capital stock. He pleaded timely exercise of his options, a demand for a return of the amounts paid for the shares, a breach of the agreements for repayment and an offer to return the capital stock held by him. When intervener instituted his suit, the corporation, its business and its assets were in the hands of a receiver appointed by the district court for Lancaster county, Nebraska. It was in the action to wind up the affairs of the corporation that the intervening petition was filed.

In an answer by the corporation and the receiver, liability on the options was denied. It was alleged that each option was a secret agreement not binding on creditors or subsequent stockholders who had no such options.

The issues raised by the pleadings were tried as a controversy between intervener and the corporation and its receiver. From a judgment denying the relief sought by intervener and dismissing his cause of action he has appealed.

It is argued by intervener that the options are valid parts of the purchase and of the consideration for the capital stock; that he did not participate in any fraud; that the corporation was and is solvent, mere impairment of capital stock, if shown, not destroying his contractual rights; that

Furrer v. Nebraska Building & Investment Co.

he is entitled to judgment for the amount of his investments.

Was a defense established? Intervener purchased the shares of capital stock and paid the consideration relying on the two options or privileges, which were formally reduced to writing. Each was signed and delivered as a part of a single transaction between him and the corporation. The options are similar in nature and appear in the record as exhibits 1 and 2. One of them is in this form:

"This agreement made and entered into this twenty-eighth day of February, nineteen hundred and twenty, by and between the Nebraska Building & Investment Company, a corporation duly organized under the laws of the state of Nebraska, hereinafter designated as party of the first part, and A. M. Walradt, of Bethany, Lancaster county, Nebraska, hereinafter designated as party of the second part,

"Witnesseth: Party of the second part has this day purchased twenty-seven (27) shares of stock in the Nebraska Building & Investment Company, making in all an investment of three thousand twenty-four and no/100 ($3,024) dollars on a basis of one hundred twelve and no/100 ($112) dollars per share.

"Party of the second part is to have the privilege of withdrawing this money from party of the first part on March 1st, nineteen hundred and twenty-one, on the basis of the present investment, or whatever may be added to it in the way of accumulations, if any.

"Party of the second part hereby agrees with party of the first part that in the event he does not ask for this money, or withdraw it on March 1st, nineteen hundred and twenty-one, then he agrees to leave it one more year, and this same contract will apply on the same basis for withdrawal on March 1st, nineteen hundred and twenty-two. After that, it shall be a matter with party of the second part as to how much additional time he may want to leave it.

"Nebraska Building & Investment Company,
"By Frank E. Schaaf, Pres.,

Party of the First Part.
"A. M. Walradt,
Party of the Second Part."
"In presence of E. O. Gregg."

Frank E. Schaaf was president of the corporation. E. O. Gregg was also an officer. Both participated in the sales. Gregg received from intervener the purchase money. There is nothing to show that intervener was prompted by any evil design or that he participated in any active fraud. The inference from the evidence is that he confidently relied on Schaaf, Gregg, and the corporation, believing he had entered into legal contracts protecting him in his investments. He had served them as a laborer and as a driver of a truck. These officers knew he had some money, and, acting for the corporation, induced him to buy the capital stock, using the options for that purpose. He demanded repayment within the stipulated period and offered to return the capital stock purchased. The evidence submitted to the trial court shows that the corporation was not insolvent. On the contrary, it was stipulated that, after payment of the creditors, the preferred stockholders would, according to the best estimates, receive between 25 and 30 dollars a share.

Were the options shown to be secret agreements? The only proof tending to support this defense is the following:

"It is stipulated that Frank E. Schaaf, president of the Nebraska Building & Investment Company, if present, would testify that no stockholder of the Nebraska Building & Investment Company, other than the officers and directors of the company, and no stockholders employed by the said company had any knowledge whatsoever of the agreements, exhibits 1 and 2, or of the details of the transactions with Andrew M. Walradt at or about the dates the contracts bear, so far as he knew."

This is wholly insufficient to prove that the options were secret agreements or that subsequent stockholders made their purchases without knowledge of the facts, relying on intervener as a prior subscriber without any undisclosed

advantage over stockholders generally. For anything appearing in the evidence, the secretary may have entered the options on the records of the corporation. From other sources subsequent stockholders may have been fully acquainted with the facts. No stockholder testified to lack of knowledge or that he relied to any extent on intervener as a purchaser on the terms exacted of others. The evidence is insufficient to prove the defense interposed.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.